IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CRYSTAL HORNER and ALYSHA HORNER, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No.: 4:17-cv-00774-KPJ |
| CITY OF HIGHLAND VILLAGE, CITY OF HIGHLAND VILLAGE POLICE DEPARTMENT, DOUGLAS REIM, and CORY GULLO, | § § § § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants City of Highland Village, City of Highland Village Police Department, Douglas Reim ("Reim"), and Officer Cory Gullo's ("Gullo") (collectively, "Defendants") Motion to Dismiss Pursuant to Rule 12(b)(6) or in the Alternative for a More Definite Statement Pursuant to Rule 12(e) (the "Motion") (Dkt. 29). *Pro se* Plaintiffs Crystal Horner and Alysha Horner ("Plaintiffs") filed a response in opposition (Dkt. 32); Defendants filed a reply (Dkt. 33); Plaintiffs filed two additional sur-replies (Dkts. 34, 46); and Defendant filed a reply solely to address information first raised in Plaintiffs' sur-reply (Dkt. 56). After review of the pleadings, the Court finds that Defendants' Motion (Dkt. 29) is **GRANTED**, and Plaintiffs' claims are **DISMISSED WITH PREJUDICE** in their entirety.

### I. BACKGROUND

On October 27, 2017, *pro se* Plaintiff Crystal Horner ("C. Horner") filed her original complaint (Dkt. 3) against Defendants, seeking compensatory damages in the amount of $2,500,000.00. On November 1, 2017, the Court informed C. Horner that, as she is proceeding *pro*

1

*se*, she may not bring a lawsuit on behalf of Plaintiff Alysha Horner ("A. Horner"). *See* Dkt. 9. To comply with the Court's order, Plaintiffs filed an amended complaint (Dkt. 11) bearing both of their signatures. *See* Dkt. 11.

The Court denied Plaintiffs' motion to amend the complaint (Dkt. 31) on January 18, 2018 (*see* Dkt. 49) for failing to include an actual amended complaint and for failing to include the original claims in the "amendment" information, which was included in the Motion to Amend (Dkt. 31). In the January 18, 2018 Order, the Court allowed Plaintiffs additional time to properly amend their complaint; however, they failed to do so. *See* Dkt. 49. Although Plaintiffs did not properly amend their pleadings in the allotted extra time, being mindful of Plaintiffs' *pro se* status, the Court considered and liberally construed all of Plaintiffs' filings, including the original complaint (Dkt. 3), amended complaint (Dkt. 11), and information contained in Plaintiffs' motion to amend (Dkt. 31) (collectively, the "Complaint"). Further, Plaintiffs submitted two sur-replies (Dkts. 34, 46) to Defendants' Motion (Dkt. 29), both of which the Court fully considered.

Plaintiffs allege that on October 24, 2016, Plaintiff A. Horner was picked up from her job at 6:00 p.m., by Darreon Johnson ("Johnson"). *See* Dkt. 11 at 2. The Complaint alleges that while driving with Plaintiff A. Horner, Johnson was "being harassed" by two vehicles and eventually ended up in an altercation with the persons in those vehicles at a location within Highland Village. *See id.* During the altercation, firearms were presented, and at some point, a gun discharged. *See id.* That night, at 8:30 p.m., Defendant Reim, Chief of Police for Highland Village Police Department, contacted Plaintiff C. Horner and told her that Plaintiff A. Horner was involved in an incident, and he needed her to come to the police station. *See* Dkt. 11 at 3. According to the Complaint, Plaintiff A. Horner and Johnson were traveling to Oklahoma City. *See id.* In an apparent coordinated effort, Oklahoma City police arrested Plaintiff A. Horner and Johnson in

Oklahoma City, Oklahoma, on October 25, 2016, at 3:00 a.m., on behalf of the City of Highland Village Police Department. *See id.* at 1. Plaintiff A. Horner was arrested for aggravated assault with a deadly weapon. *See id.* Incident to the arrest, Plaintiff A. Horner's vehicle was impounded and her cell phone was confiscated. *See id.* at 3, 5. After the arrest, Plaintiff A. Horner was held in the City of Oklahoma jail for thirteen days. *See* Dkt. 32 at 5. Plaintiffs allege that Plaintiff A. Horner's jail stay lasted for nearly two weeks because the bail set for her release was excessive under the Eighth Amendment. *See id.* at 4.

Upon review of the Complaint (Dkts. 3, 11, 31) and Plaintiffs' briefing in response to the Motion (Dkts. 32, 34, 36), Plaintiffs appear to assert the following claims: (1) improper arrest of Plaintiff A. Horner; (2) malicious prosecution; (3) Fourth Amendment violation for improper impoundment of Plaintiff A. Horner's vehicle and confiscation of her phone; (4) failure to provide adequate medical care in violation of the Americans with Disabilities Act (the "ADA"); (5) Eighth Amendment violation for excessive bail; (6) defamation of character; and (7) witness tampering. *See* Dkts. 3, 11, 31, 32, 34, 36.

In response to Plaintiffs' Complaint, Defendants filed the current Motion (Dkt. 29) on December 7, 2017, pursuant to Rule 12(b)(6), for failure to state a claim. In the Motion, Defendants argue Plaintiffs' claims should be dismissed as to the individual Defendants because the Complaint is devoid of facts demonstrating a violation of any federal rights. *See* Dkt. 29 at 6. Further, Defendants argue Plaintiffs' claims should be dismissed as to the municipality and police department because there are no facts illustrating any form of misconduct by the entities regarding failure to train or any unlawful policy—the only bases for civil recourse against such entities. *See id.* at 6-7.

The Court has evaluated the substance of Plaintiffs' allegations, rather than the form. In its findings below, the Court has been mindful that *pro se* pleadings are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them. *See Haines v. Kerner*, 404 U.S. 519, 521 (1972); *Tassio v. Onemain Fin., Inc.*, 2016 WL 410024, *1 (E.D. Tex. Feb. 3, 2016).

## II. LEGAL STANDARD

### A. RULE 12(b)(6)

Rule 12(b)(6) provides a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). The court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A complaint must provide a short and plain statement of the claim showing the pleader is entitled to relief. *See* Fed. R. Civ. P. 8(a). A complaint that does not allege "enough facts to state a claim to relief that is plausible on its face" will not survive a motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

When considering a motion to dismiss, the court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *See Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).

## III. ANALYSIS

### A. PLAINTIFF C. HORNER'S STANDING

Prior to reaching the merits of any case, the Court must undertake a "careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted," *i.e.*, whether a plaintiff has "standing." *DaimlerChrysler Corp. v. Cuno*, 126 S. Ct. 1854, 1867 (2006) (quoting *Allen v. Wright,* 468 U.S. 737, 752 (1984)). The question of standing involves the determination of whether a particular litigant is entitled to invoke the jurisdiction of the federal court in order to decide the merits of a dispute or of particular issues. *Elk Grove Unified Sch. Dist. v. Newdow,* 542 U.S. 1, 11 (2004). A party has standing if: (1) she has suffered a "concrete and particularized" injury that is actual or imminent rather than conjectural or hypothetical; (2) there is a causal relationship between the injury and the challenged conduct; and (3) it is likely and not merely speculative that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *Westfall v. Miller,* 77 F.3d 868, 871 (5th Cir. 1996). A plaintiff has the burden of proof and persuasion as to the existence of standing as to her claims. *Lujan*, 504 U.S. at 561; *Int'l Ass'n of Machinists & Aerospace Workers v. Goodrich Corp*., 410 F.3d 204, 211-12 (5th Cir. 2005).

In order to bring a claim for civil rights violations, a party must establish a personal deprivation of *one of her own* rights or privileges secured by the Constitution. *Brumfield v. Jones,* 849 F.2d 152, 154 (5th Cir. 1988). Indeed, "[t]he right to sue under the Civil Rights Act is personal in nature." *Id.*; *see also Johnson v. Fordice*, 996 F.2d 306, 306 (5th Cir. 1993) (affirming dismissal of complaint where plaintiff did not allege or argue that he was personally affected by the order he challenged). Plaintiff C. Horner has not shown how she has suffered any "concrete and particularized" injury sufficient to confer standing on her. *Lujan*, 504 U.S. at 561. All of the factual

allegations in the pleadings before the Court relate to alleged harms against Plaintiff A. Horner. *See generally* Dkts. 3, 11, 31, 32, 34, 36.

It is well established that "[i]f a plaintiff lacks Article III standing, then a federal court lacks jurisdiction to hear the complaint." *Delta Commercial Fisheries Assoc. v. Gulf of Mexico Fishery Mgmt. Council,* 364 F.3d 269, 272 (5th Cir. 2004). Therefore, this Court is not the forum to resolve Plaintiff C. Horner's grievances, should she have any, and hence, Plaintiff C. Horner's claims are dismissed. Because Plaintiff C. Horner is dismissed, all references to "Plaintiff" below shall refer to Plaintiff A. Horner only.

### B. PLAINTIFF'S FALSE ARREST CLAIM

Defendants contend that, taking Plaintiff's claims as true, because it is undisputed that Plaintiff's arrest was supported by a warrant issued by an independent intermediary judge, Defendants cannot be liable for any claim of improper arrest or malicious prosecution. *See* Dkt. 33 at 2-3. In support, Defendants cite Fifth Circuit case law stating, "It is well settled that if facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for false arrest, insulating the initiating party." *Deville v. Marcantel*, 567 F.3d 156, 170 (5th Cir. 2009) (quoting *Taylor v. Gregg*, 36 F.3d 453, 456 (5th Cir. 1994)).

In response, Plaintiff alleges that Defendant Gullo "mis[led] the magistrate" by offering false statements to secure the warrant for Plaintiff's arrest. *See* Dkt. 34 at 2. Plaintiff also alleges that Defendant Gullo stated he was "not confident in [the witness'] statement" before he submitted a sworn statement to obtain the warrant. *See* Dkt. 32 at 3. Plaintiff concludes that Defendant Gullo "knowingly with malice, disregard for the facts, intentionally, with reckless disregard of the truth"

made false statements to secure the warrant. *See* Dkt. 34 at 2. The Court finds Plaintiff's conclusion to be unfounded.

In *Deville*, the Fifth Circuit held, "Despite review by an independent intermediary, the initiating party may be liable for false arrest if the plaintiff shows 'the deliberations of that intermediary were in some way tainted by the actions of the defendant.'" *Deville*, 567 F.3d at 170 (citing *Hand v. Gary*, 838 F.2d 1420, 1428 (5th Cir. 1988)). Plaintiff asserts the following facts: Plaintiff was picked up from Taco Bell in Highland Village on October 24, 2016, at 6:00 p.m., by Johnson (*see* Dkt. 11 at 2); Johnson was driving the vehicle owned by Plaintiff, a gray Nissan Sentra (*see id.*); an incident occurred while driving Plaintiff's car that same night (*see id.*); in obtaining the warrant, Defendant Gullo testified Plaintiff's vehicle, a "gray in color 2012 Nissan Sentra . . . bearing the license plate Texas HTG0699 . . . [was] involved in the commission of the crime." Dkt. 32 at 3. Taking Plaintiff's allegations as true, Defendant Gullo did not "mislead the magistrate" in obtaining the arrest warrant; rather, Defendant Gullo accurately described the vehicle involved in the incident, including the persons who were in the vehicle. Accordingly, the Court finds the deliberations regarding the issuance of the warrant for Plaintiff were not tainted by the actions of Defendants. Therefore, Plaintiff's claims regarding an improper or false arrest are dismissed.

### C. FOURTH AMENDMENT VIOLATION CLAIM FOR IMPOUNDMENT OF VEHICLE AND SEARCH AND SEIZURE OF CELL PHONE

Plaintiff further asserts that her Fourth Amendment rights were violated when her car was impounded incident to her arrest. *See* Dkt. 11 at 8. As previously discussed, Plaintiff was arrested pursuant to a valid warrant; therefore, the impoundment of her vehicle was proper and not a violation of the Fourth Amendment. *See South Dakota v. Opperman*, 428 U.S. 364, 367-69 (1976);

*United States v. Castro*, 166 F.3d 728, 734 (5th Cir. 1999); *United States v. Ponce*, 8 F.3d 989, 996 (5th Cir.1993).

Regarding the seizure of Plaintiff's cell phone, Plaintiff alleges the following facts: the personal cell phone of Plaintiff was seized incident to the October 25, 2016, arrest (*see* Dkt. 46 at 2); Defendant Gullo received the cell phone on January 6, 2017 (*see id.*); a search warrant for the cell phone issued on August 21, 2017 (*see id.*). Plaintiff takes issue with the fact that Defendants maintained possession of the cell phone for eight months before obtaining a search warrant for its contents. *See* Dkt. 46 at 2. Plaintiff further states Defendant Gullo obtained the search warrant by claiming there was new technology to extract data which was not available at the time of the arrest. *See id.* Plaintiff alleges the technology was actually available since April 2016; therefore, the search warrant was falsely obtained and Plaintiff's Fourth Amendment rights were violated. *See id.*

In response, Defendants state that, based on information received during the investigation, Defendant Gullo reasonably believed Plaintiff's cell phone contained evidence of the crime for which she was arrested. *See* Dkt. 56 at 3. Therefore, Plaintiff's cell phone was secured to prevent destruction of potential evidence. *See id.* at 4. Ultimately, a valid warrant was obtained to search the cell phone. *See id.*

In support of her position, Plaintiff cites one case from a Massachusetts court which held that an officer seizing a cellular device for sixty-eight days during the investigation of a crime was unreasonable. *See Com. v. White*, 59 N.E.3d 369, 372 (Mass. 2016). The Court finds this authority unpersuasive. Instead, the Court relies upon Supreme Court authority stating that police officers may search and seize items from an arrestee incident to a lawful arrest. *See United States v. Robinson*, 414 U.S. 218, 224-26 (1973) (citing *Chimel v. California*, 395 U.S. 752, 762-63 (1969));

8

*State v. Granville*, 423 S.W.3d 399, 410 (Tex. Crim. App. 2014). Regarding cell phones, the Supreme Court has held that police officers are required to obtain a warrant before they search the contents of the phone. *See Riley v. California*, 134 S. Ct. 2473, 2495 (2014). In *Riley*, the Supreme Court also stated that police officers may seize and secure cell phones to prevent destruction of evidence while seeking a warrant. *See id.* at 2486; *see also State v. Granville*, 423 S.W.3d 399, 412 (Tex. Crim. App. 2014) ("[T]he police may legitimately "seize" the property and hold it while they seek a search warrant. . . .").

Plaintiff has not alleged that Defendants searched Plaintiff's cell phone without a warrant. In fact, Plaintiff acknowledges that Defendants secured Plaintiff's cell phone and obtained a warrant prior to conducting any search. *See* Dkt. 46 at 2. Accordingly, the Court finds that Defendants complied with the procedure regarding cell phone searches as pronounced by the Supreme Court: Defendants (1) seized Plaintiff's cell phone incident to arrest; (2) based on information that the cell phone contained evidence of the crime for which Plaintiff was arrested, secured the cell phone; and (3) obtained a search warrant prior to searching the contents of the phone.

Although Plaintiff complains about the delay in obtaining the warrant, she does not present any valid legal authority to assert that any such delay was a constitutional violation. Once the issue of qualified immunity is raised, a plaintiff has the burden of rebutting the defense by demonstrating that the government official's allegedly wrongful conduct violated clearly established law. *See Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 380 (5th Cir. 2005). Plaintiff has failed to meet this burden. Therefore, Plaintiff's claim regarding Fourth Amendment violation in the seizure of Plaintiff's cell phone is dismissed.

## D. PLAINTIFFS' REMAINING CLAIMS ARE DISMISSED

Each of Plaintiff's remaining claims fail on different bases. First, Plaintiff alleges a claim of "malicious prosecution" and states that it "is a violation of the Fourth Amendment right to secure a person." Dkt. 11 at 8. The Fifth Circuit has stated there is no "freestanding constitutional right to be free from malicious prosecution." *Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003). Instead, a claim of "malicious prosecution" can lead to claims under the Fourth Amendment. *See id.* at 946. Accordingly, any claim asserted by Plaintiff for "malicious prosecution" under Section 1983 is facially inadequate, and therefore, dismissed.

Although not facially apparent, even if Plaintiff intended to allege a claim for malicious prosecution under state law, such a claim fails. Pursuant to Texas law, a plaintiff asserting a malicious prosecution claim must establish:

(1) the commencement of a criminal prosecution against the plaintiff;
(2) causation (initiation or procurement) of the action by the defendant;
(3) termination of the prosecution in the plaintiff's favor;
(4) the plaintiff's innocence;
(5) the absence of probable cause for the proceedings;
(6) malice in filing the charge; and
(7) damage to the plaintiff.

*Richey v. Brookshire Grocery Co.*, 952 S.W.2d 515, 517 (Tex. 1997). For reasons previously explained, Plaintiff's claim regarding an improper or false arrest has been dismissed. *See supra* Section III.A. As such, Plaintiff cannot establish the "absence of probable cause for the proceedings," and any Texas state law claim for malicious prosecution is therefore dismissed.

Next, Plaintiff's claim for failure to provide adequate medical care in violation of the ADA is dismissed for two reasons. First, Plaintiff's claim, if viable, is directed at the incorrect Defendants. Any complaint for deficiency in care while jailed should be directed to the entity detaining the person—in this case, the jail where Plaintiff was detained in Oklahoma City. Second,

to properly assert a claim under the ADA, a person must assert they have a disability. *See* 42 U.S.C. § 12101 et seq. Plaintiff has not alleged any disability. Accordingly, Plaintiff's claim for relief under the ADA is dismissed.

Next, Plaintiff's claim for violation of the Eighth Amendment for excessive bail is also dismissed. Plaintiff alleges bail, set at $50,000.00, was excessive because Plaintiff was eighteen (18) years old with minimal income. *See* Dkt. 34 at 2. The Fifth Circuit has held that "bail setting is not constitutionally excessive merely because a defendant is financially unable to satisfy the requirement." *United States v. McConnell*, 842 F.2d 105, 107 (5th Cir. 1988); *see generally, Pugh v. Rainwater*, 572 F.2d 1053 (5th Cir. 1978). Accordingly, Plaintiff's allegations do not constitute a federal violation, and thus, the claims regarding excessive bail are dismissed.

Next, Plaintiff alleges Defendants violated 42 U.S.C. § 4101. Upon review, 42 U.S.C. § 4101 involves foreign defamation judgments, and does not involve any cause of action for defamation against governmental entities or individuals. Accordingly, Plaintiff's claim regarding violations of 42 U.S.C. § 4101 is dismissed. That said, analyzing the substance rather than the form, the Court also finds that Plaintiff's claim of defamation is dismissed for the reasons set forth below.

First, assuming Plaintiff intended to bring her defamation claim pursuant to 42 U.S.C. § 1983, for such claims, allegations of injury to reputation alone are not sufficient. *See Paul v. Davis*, 424 U.S. 693, 712 (1976). Such defamation claims must be accompanied by a constitutionally recognized injury. *See id.* This rule is known as the "stigma-plus" standard, which requires a plaintiff to show that a government official's conduct deprived the plaintiff of a previously recognized property or liberty interest in addition to damaging plaintiff's reputation. *See id*. In all of Plaintiff's allegations, she does not allege deprivation of any right or tangible property interest.

Second, even if Plaintiff intended to bring her defamation claim under Texas state law, such a claim is not cognizable against the governmental Defendants. The Fifth Circuit has stated that "[g]overnmental units maintain sovereign immunity from the intentional tort of defamation" unless a state has waived such immunity. *See Rivera v. Texas State Bd. of Medical Examiners,* 431 F. App'x 356, 357 (5th Cir. 2011). In *Rivera,* the Fifth Circuit recognized that "Texas has not waived immunity for intentional tort claims such as defamation and libel" and therefore, claims against governmental units in Texas are not cognizable. *See id.* Accordingly, Plaintiff's potential state defamation claims against the governmental Defendants are dismissed.

Plaintiff's potential state defamation claims against individual Defendants also fail. Pursuant to Texas law, defamation requires the following elements:

> (1) the publication of a false statement of fact to a third party, (2) that was defamatory concerning the plaintiff, (3) with the requisite degree of fault, and (4) damages, in some cases.

*In re Lipsky*, 460 S.W.3d 579, 593 (Tex. 2015) (citing *WFAA–TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998)). Plaintiff alleges that certain Defendants, including those named, defamed her by "releasing information to media outlets regarding the alleged incident." Dkt. 34 at 3. Plaintiff also states that her "mugshot was hastily released prior to the conclusion of an investigation" and that such release of information and mugshot caused damage to Plaintiff's reputation and was made intentionally, with malice. *See* Dkts. 32 at 2; 34 at 3.

Despite general allegations, Plaintiff has not provided the Court with any information about the "publication of a false statement." The "release of information" to media is not equivalent to such information being false. Without further information regarding the released information, the Court cannot determine whether such information was actually false. Accordingly, any claim Plaintiff may have asserted for defamation under Texas state law must be dismissed.

Finally, Plaintiff claims that Defendant Reim violated 18 U.S.C. § 1512(b)(1) and § 1512(b)(2)(A) when Defendant Reim told a witness that a written statement must be believable. *See* Dkt. 32 at 5. 18 U.S.C. § 1512 is a criminal statute, and the conduct described by Plaintiff does not constitute a crime. A plaintiff does not have a civil cause of action under this statute. Accordingly, Plaintiff's claim regarding witness tampering is dismissed.

In its findings herein, the Court has been mindful that *pro se* pleadings are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them. *See Haines*, 404 U.S. at 521; *Tassio*, 2016 WL 410024 at *1. Indeed, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (internal citations omitted). Nonetheless, *pro se* litigants are still required to provide sufficient facts in support of their claims. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). Even construing all the facts in a light most favorable to Plaintiff, the Court finds Plaintiff has failed to state a claim upon which relief can be granted.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court finds Defendant's Motion (Dkt. 29) is **GRANTED** and Plaintiffs' claims are **DISMISSED**.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that all claims PlaintiffS asserted, or could have asserted, against Defendants in this lawsuit are hereby **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that all costs, expenses, and attorneys' fees are taxed against the party incurring the same.

All relief not previously granted is hereby **DENIED**, and the Clerk is directed to **CLOSE** this civil action.

13

**IT IS SO ORDERED**.

**SIGNED this 22nd day of May, 2018.**

                                           _____
                                           KIMBERLY C. PRIEST JOHNSON
                                           UNITED STATES MAGISTRATE JUDGE